FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA    2011 SEP 20  PM 3:39
ORLANDO DIVISION

UNITED STATES OF AMERICA         Case No. 6:11-cr-282-Orl-28KRS
                                 18 U.S.C. § 2320
v.                               18 U.S.C. § 2323 – Forfeiture

MARIA SANCHEZ

## INFORMATION

The United States Attorney charges:

### COUNT ONE

From an unknown date, but from at least in or about April 2009, and continuing through in or about November 2009, in Volusia County, in the Middle District of Florida, the defendant,

**MARIA SANCHEZ**

intentionally did traffic and attempt to traffic in goods, that is, handbags, hats, and shoes, while knowingly using counterfeit marks on and in connection with such goods, that is, spurious marks identical to and substantially indistinguishable from the genuine marks owned by Burberry, Chanel, Chloe, Coach, Dolce & Gabbana, Dooney & Bourke, Ed Hardy, Fendi, Gucci, Hermes, Jimmy Choo, Juicy Couture, Louis Vuitton, Prada, and Versace, marks that were in use and registered for those goods on the principal register of the United States Patent and Trademark Office, the use of which counterfeit marks was likely to cause confusion, to cause mistake, and to deceive.

In violation of Title 18, United States Code, Section 2320.

## **FORFEITURE**

1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 2323.

2. From her engagement in the violation alleged in Count One of this Information, in violation of Title 18, United States Code, Section 2320, the defendant, **MARIA SANCHEZ**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2323, all of her right, title, and interest in:

   a. any article, the making or trafficking of which is prohibited under Title 18, United States Code, Section 2320;

   b. any property used, or intended to be used, in any manner or part to commit, or facilitate the commission of, such offense; and

   c. any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of such offense.

3. If any of the property described in paragraph 2 above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2323.

ROBERT E. O'NEILL
United States Attorney

By: _____
Katherine M. Ho
Assistant United States Attorney

By: _____
Carlos A. Perez-Irizarry
Assistant United States Attorney
Chief, Orlando Division