UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 6:11-cr-282-Orl-28KRS

MARIA SANCHEZ,

    Defendant.
_____

### DEFENDANT'S SENTENCING MEMORANDUM

The defendant, Maria Sanchez, by and through undersigned counsel, hereby files her sentencing memorandum in the above-styled case and respectfully entreats this Honorable Court to give it due consideration. Ms. Sanchez has pleaded guilty to trafficking in counterfeit goods in violation of 18 U.S.C. § 2320. Ms. Sanchez's total offense level is 12 and her criminal history category is I. This corresponds to an advisory guideline range of 10-16 months incarceration.

### BACKGROUND

Ms. Sanchez's sole employment was that of a vendor at the Daytona Flea and Farmer's Market in Volusia County, Florida. Ms. Sanchez was selling counterfeit merchandise consisting of handbags, hats, and shoes.

These items bore counterfeit marks identical to or substantially indistinguishable from the genuine marks owned by Burberry, Chanel, Prada, Versace,

and Gucci; among other fashion item designers. The infringement loss amount is $48,620.00. (P.S.R. ¶ 18).

### *UNITED STATES V. BOOKER* and 18 U.S.C. § 3553(a)[1]

The decision of the United States Supreme Court in *Booker* has rendered the United States Sentencing Guidelines "effectively advisory." *Booker*, 125 S. Ct. 759-67. Pursuant to *Booker*, sentencing courts are required to consider a defendant's Guideline range, but may "tailor the sentence in light of other statutory concerns as well." *Id.* at 767 (*citing* 18 U.S.C. § 3553 (a)).

The effect of *Booker* is that federal district courts must consider the seven factors set forth by § 3553 (a) in determining a sentence:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed-

  (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B)  to afford adequate deterrence to criminal conduct;

  (C)  to protect the public from further crimes of the defendant; and

  (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most

---

[1] *United States v. Booker* and *United States v. FanFan*, 125 S. Ct. 738 (2005).

>
> effective manner;
>
> (3)   the kinds of sentences available;
>
> (4)   [the applicable Sentencing Guidelines];
>
> (5)   any pertinent [Sentencing Guidelines] policy statement;
>
> (6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7)   the need to provide restitution to any victim of the offense.

*See* 18 U.S.C. § 3553(a).

Section 3553(a) embodies the "parsimony principle," which requires a district court to "assign a sentence 'sufficient, but not greater than necessary to comply with the purpose' of sentencing" set forth in § 3553(a)(2). *United States v. Lacy*, 99 F.Supp. 369, 378 (E.D.N.Y. 1994) ("parsimony" is a "key provision" of 3553(a)), *vacated on the grounds, United States v. DeRiggi*, 45 F.3d 713 (2d Cir. 1995); *see also generally* ABA STANDARDS OF CRIMINAL JUSTICE § 18-2.4 (sentences "imposed, taking into account the gravity of the offense, should be no more than necessary to achieve the social purposes for which they are authorized"). Sentencing under § 3553 (a) therefore requires the Court to start with the minimum sentence permissible and add only so much additional punishment, if any, as necessary to comply with § 3553(a)'s purposes. As discussed below, application of the § 3553(a) factors to the facts of this case establishes that a sentence of probation is "sufficient.

. . to comply with the purpose" of § 3553.

## ARGUMENT

Ms. Sanchez is 40 years of age. She has never before committed any criminal offense. Ms. Sanchez came to the United States from Mexico at the age of 12 and is a lawful permanent resident. She has four minor children ranging in ages from 10-17; all of whom reside with her.

Ms. Sanchez's 14 year old son suffers from a degenerative connective tissue disease. Treatment for this illness has compromised his auto-immune system and, consequently, he developed lymphoma. This subsequently acquired cancer has been brought into remission. This child requires two weekly injections to boost his auto-immunity. These injections are administered to him by his mother. There is no other caretaker to perform this essential task.

The prosecution of this matter has impacted Ms. Sanchez directly and irreparably in several ways. This is so without the spectre of a possible term of imprisonment.

Firstly, Ms. Sanchez is a lawful permanent resident. Thus, her immigration status *could* be affected by her conviction on this offense. If this conviction results in her deportation she has, essentially, no place to go in Mexico. Her entire family resides in the United States; she, herself, since the age of 12. Her children are United States citizens. The mere *possibility* that Ms. Sanchez could be deported has been the

source of great angst and emotional tumult since this matter was in its incipient stage of investigation; this being in April, 2009.

Secondly, this case has been the prime reason that Ms. Sanchez's marriage of 14 years is on the brink of dissolution. The stress of this prosecution was the catalyst that led to Ms. Sanchez's separation from her husband. This separation, in turn, has resulted in her estranged husband not paying the mortgage on the marital residence where she resides with her children. Ms. Sanchez is currently unemployed. While her home is not in foreclosure, such proceeding are imminent.

Lastly, this matter has taken a significant emotional toll on Ms. Sanchez to the point that she was hospitalized in October, 2011, for attempting to commit suicide. (P.S.R. ¶ 35). Though other factors may have also precipitated this failed attempt there is no lack of certitude that the instant prosecution was a major component that culminated in this drastic act.

This event has brought Ms. Sanchez shame, mortification, the loss of respect among family and friends, and a loss of self-respect. It also brought forth ramifications and ripple effects such as those heretofore discussed; loss of an enduring relationship, loss of a home, a possibility of expulsion from the country, and the placing of one's children in vulnerable and uncertain circumstances.

In short, Ms. Sanchez has experienced the repercussions of her criminal conduct. Though these confluent consequences are not found in the United States

Code or the United States Sentencing Guidelines, they are as acute as if they were so included.

A sentence of probation in this case comports with the requirements of 18 U.S.C. § 3553(a). Primarily, it reflects the seriousness of this particular offense, certainly promotes respect for the law, and in Ms. Sanchez's case, provides a just punishment for the offense. It furthermore, affords an adequate deterrence to this criminal conduct, and protects the public from further crimes of the defendant.

A sentence of probation in this case is not only just. It is also merciful.

Wherefore, it is respectfully implored that this Honorable Court grant a downward variance and sentence Ms. Sanchez to a term of probation in this matter.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

 /S/   Rick Carey
Rick Carey
Florida Bar No. 0295698
Assistant Federal Defender
201 SW 2nd Street, Suite 102
Ocala, FL 34471
Telephone: 352/351-9157
Facsimile: 352/351-9162
E-Mail: rick_carey@fd.org
Attorney for defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that undersigned electronically filed the *Defendant's Sentencing Memorandum* with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing to the following: **Carlos A. Perez-Irizarry**, Assistant United States Attorney, U.S. Attorney's Office, Orlando Division, 501 W. Church Street, Suite 300, Orlando, FL 32805, this the 25th day of January, 2012.

    /s/   Rick Carey
Assistant Federal Defender
Attorney for Defendant